(99 App. Div. 270)

### FLOURNOY v. OSGOOD.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. PLEADING—ANSWER—IRRELEVANT MATTER.

Where a paragraph of defendant's answer set out as a part of a defense of payment a construction of the agreement between the parties, insisted on by defendant, which, in substance, was a denial of the allegation of the complaint that it was agreed that certain property therein termed "merchandise" was excluded from the property that was to be sold for a specified sum, which had been paid by the defendant, and that the articles set forth in a schedule annexed to the complaint were a part of the merchandise, for which defendant was to pay an additional sum, it was not subject to a motion to strike on the ground of irrelevancy.

2. SAME.

Where, in a suit to recover for certain articles of merchandise furnished under contract, plaintiff alleged that defendant had failed to pay for such articles, a denial of such allegation was proper, as a part of a defense of payment.

3. SAME.

Where, in a suit to recover for certain articles alleged to have been furnished under contract, defendant pleaded as a second defense that subsequent to the making of the agreement, and prior to the commencement of the action, a dispute arose between plaintiff and defendant as to whether defendant was liable to plaintiff in a certain sum, the value of the articles set forth in a schedule annexed to the complaint, and that an agreement was made by which the amount in dispute was deposited in a bank, defendant was entitled to deny, in connection with such defense, the allegation of the complaint that such articles were merchandise, and that he was liable to pay therefor, and had refused to do so.

Appeal from Special Term, New York County.

Action by Matthew W. Flournoy against John C. Osgood. From an order striking out certain allegations of defendant's answer as irrelevant and improper, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

J. Frederick Eagle, for appellant.

George N. Whittlesey, for respondent.

INGRAHAM, J. I do not think these allegations of the amended answer should have been stricken out as irrelevant and improper. As to the fourth paragraph of the answer which was stricken out, it sets out, as a part of a defense of payment, a construction of the agreement insisted upon by the defendant which is in substance a denial of the allegation of the complaint that in and by the agreement pleaded in the complaint it was further agreed that certain property therein termed "merchandise" was excluded from the property that was to be sold for the $230,000 which has been paid by the defendant, and that the articles set forth in Schedule 2, annexed to the complaint, were a part of the merchandise for which the defendant was to pay the sum of $2,776.37, in addition to the other consideration to be paid.

I also think that the denial of the allegation in the complaint that the defendant had failed to pay for these articles was proper, and should not have been stricken out. Whether or not an allegation that the defendant had failed to pay for these articles was a necessary allegation of the complaint, the plaintiff has seen fit to insert such an allegation; and, to complete the defense of payment, which is the first defense, the defendant had the right to deny the allegation in the complaint that he had neglected and refused to pay for the merchandise for which he claims he had paid.

I also think the clause stricken out in the second separate defense in the answer was improperly stricken out. The defendant alleges for a second defense that subsequent to the making of the agreement between the plaintiff and the defendant, and prior to the commencement of the action, a dispute arose between the plaintiff and the defendant as to whether the defendant was liable to the plaintiff in the sum of $2,776.37, the value of those articles set forth in Schedule 2 annexed to the complaint, and that an agreement was made by which that amount in dispute was deposited in a national bank; and in connection with that defense he was entitled to deny the allegation of the complaint that these articles were merchandise, and that he was liable to pay therefor, or had refused to pay. Whether or not that is a good defense, it is not necessary for us to determine; but it was an essential part of the defense to plead that, as a matter of fact, these articles were not merchandise, as described in the agreement. It is settled that each defense must be complete in itself, and cannot be asserted by general denial in the answer.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.